ANNA ROCCO ET AL. *v.* MARY GARRISON
(SC 16819)

Sullivan, C. J., and Borden, Norcott, Vertefeuille and Zarella, Js.

542

Argued September 25, 2003—officially released April 27, 2004

*David N. Rosen*, for the appellants (plaintiffs).

*John W. Mills*, for the appellee (defendant).

*Opinion*

ZARELLA, J. In this action to recover damages for injuries suffered in a motor vehicle accident, the plaintiffs, Anna Rocco and Joseph Rocco, appeal[1] from the judgment of the trial court rendered in favor of the defendant, Mary Garrison. In granting the defendant's motion for summary judgment, the trial court concluded that the action had not been brought within two years of the date of the accident, as required by General Statutes § 52-584,[2] and that the accidental failure of suit

---

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

statute (savings statute), General Statutes § 52-592,[3] did not operate to save the plaintiffs' action. The plaintiffs claim that the trial court improperly determined that § 52-592 did not save the action. We agree with the plaintiffs and, accordingly, reverse the judgment of the trial court.

On July 18, 1998, the parties were involved in a motor vehicle collision. On July 6, 2000, the plaintiffs initiated an action against the defendant, a Pennsylvania resident, by filing a complaint with the clerk of the United States District Court for the District of Connecticut alleging injuries sustained as a result of the defendant's negligence.[4] In their complaint, the plaintiffs alleged that, while Joseph Rocco was driving north on Inter-

---

[3] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.

* * *

"(d) The provisions of this section shall apply to any defendant who files a cross complaint in any action, and to any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error. . . ."

[4] Federal jurisdiction was based on diversity of citizenship between the plaintiffs, who are residents of Connecticut, and the defendant, who is a resident of Pennsylvania. See 28 U.S.C. § 1332 (a) (1) (2000) (vesting federal district courts with original jurisdiction over controversies exceeding $75,000 in value and between "citizens of different States").

state 95 in Connecticut with Anna Rocco as his passenger, the defendant crashed into the rear of their vehicle, causing the plaintiffs to suffer serious injuries and emotional distress.

After the plaintiffs filed their complaint, the clerk of the District Court signed and sealed the summons prepared by the plaintiffs' counsel and returned it to counsel for service upon the defendant.[5] The plaintiffs' counsel then followed the procedure established by rule 4 (d) (2) of the Federal Rules of Civil Procedure,[6] entitled "Waiver of Service; Duty to Save Costs of Service; Request to Waive." Rule 4 (d) (2) is intended to encourage parties to save the cost of formal service of a summons and complaint by providing that an individual who is subject to service and who receives notice of

---

[5] Rule 4 (b) of the Federal Rules of Civil Procedure provides in relevant part: "Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. . . ."

[6] Rule 4 (d) of the Federal Rules of Civil Procedure provides in relevant part: "(2) An individual . . . [who] is subject to service . . . and [who] receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

"(A) shall be in writing and shall be addressed directly to the defendant . . .

"(B) shall be dispatched through first-class mail or other reliable means;

"(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

"(D) shall inform the defendant . . . of the consequences of compliance and of a failure to comply with the request;

"(E) shall set forth the date on which the request is sent;

"(F) shall allow the defendant a reasonable time to return the waiver . . . and

"(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

"If a defendant . . . fails to comply with a request for waiver . . . the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown. . . ."

an action in the prescribed manner has a "duty" to avoid the unnecessary costs of service of the summons by complying with a request to waive formal service. Accordingly, the plaintiffs' counsel sent to the defendant's home address, by certified mail, each of the items required under rule 4 (d) (2), including the summons and complaint, two copies of a notice and request for waiver of formal service and an envelope with sufficient postage for return of the signed waiver.

Thereafter, the plaintiffs' counsel received a return receipt from the United States Postal Service indicating that the items had been delivered to the defendant at her Pennsylvania home on July 14, 2000, four days before the expiration of the two year statute of limitations. See General Statutes § 52-584. The defendant, however, did not sign and return the waiver of service form as requested, and the statute of limitations lapsed before the plaintiffs' counsel could effect formal service of process. On September 28, 2000, counsel for the defendant filed a motion for summary judgment in the District Court alleging that the plaintiffs had not commenced their action prior to the expiration of the two year statute of limitations because formal service of process was not made upon the defendant until September 13, 2000. The District Court granted the defendant's motion and rendered judgment thereon on November 29, 2000.

In March, 2001, the plaintiffs commenced this second action in the Connecticut Superior Court pursuant to § 52-592, the savings statute.[7] The plaintiffs served the defendant with a writ, summons and complaint through the commissioner of motor vehicles as authorized under

---

[7] The provisions of § 52-592 "apply to . . . any action brought to the United States . . . district court for the district of Connecticut which has been dismissed without trial . . . because of lack of jurisdiction in such court." General Statutes § 52-592 (d).

Connecticut law. See General Statutes § 52-62.[8] The defendant moved for summary judgment on the ground that the plaintiffs' federal action had not been commenced within the meaning of the savings statute due to a lack of proper service and that that statute, therefore, was inapplicable and could not save the plaintiffs' second action. The defendant thus argued that the plaintiffs' second action was barred by the statute of limitations.

The trial court granted the defendant's motion. The trial court stated that, although the savings statute "must be given a liberal and broad interpretation and application . . . it [was] impossible to conclude that the initial action was commenced . . . within the meaning of Connecticut statutes. Consequently, the plaintiffs have filed this action too late. The statute of limitation[s] has expired and the [savings statute] does not save the plaintiffs' cause of [action] against the defendant." The trial court thereupon rendered judgment in favor of the defendant. This appeal followed.

On appeal, the plaintiffs claim that their original action was commenced in a timely manner for purposes of the savings statute when the defendant received clear and unmistakable notice of that action upon delivery of the summons, complaint and related materials pursuant to rule 4 (d) (2). The defendant disagrees, arguing that the commencement of an action under Connecticut law occurs when the writ is served upon the defendant,

---

[8] General Statutes § 52-62 provides in relevant part: "(a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally. . . ."

and that an action is not commenced if the defendant is not served *properly*. The defendant thus argues that, in order for the savings statute to apply in this case, the complaint in the original action must have been served pursuant to the provisions of rule 4 (e) of the Federal Rules of Civil Procedure[9] within the time frame prescribed by the applicable statute of limitations. According to the defendant, the federal court's decision to dismiss the original action on the basis of the plaintiffs' failure to serve the summons and complaint properly prior to the expiration of the statute of limitations is conclusive of the issue. We disagree with the defendant.

As a preliminary matter, we set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's

---

[9] Rule 4 (e) of the Federal Rules of Civil Procedure provides in relevant part: "Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States:

"(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

"(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Gould* v. *Mellick & Sexton*, 263 Conn. 140, 146, 819 A.2d 216 (2003).

We begin our analysis by noting that there is no substantive distinction between the terms "bringing" an action and "commencing" an action. See *Lacasse* v. *Burns*, 214 Conn. 464, 475–76, 572 A.2d 357 (1990) (for almost one half century, terms "commence" and "brought" have been used interchangeably to describe initiation of action). We further note that, under the law of our state,[10] "an action is commenced not when the writ is returned but when it is served upon the defendant." *Broderick* v. *Jackman*, 167 Conn. 96, 99, 355 A.2d 234 (1974); see also *Rana* v. *Ritacco*, 236 Conn. 330, 337, 672 A.2d 946 (1996) ("[t]his court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant"); *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.*, 128 Conn. 107, 109, 20 A.2d 621 (1941) ("the time when the action is regarded as having been brought is the date of service of the writ upon the defendant"). Nevertheless, the savings statute provides in relevant part: "If any action, commenced within the time limited by law, has failed . . . *because of insufficient service or return of the writ* due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.) General Statutes § 52-592 (a).

---

[10] It is well established that state law governs the manner in which a federal case based on diversity of jurisdiction is to be considered commenced for purposes of the state statute of limitations. E.g., *Converse* v. *General Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990); *Durrett* v. *Leading Edge Products, Inc.*, 965 F. Sup. 280, 286 (D. Conn. 1997).

The proper interpretation of § 52-592 (a) is a "question of statutory construction over which our review is plenary. . . . That review is guided by well established principles of statutory interpretation . . . . As with all issues of statutory interpretation, we look first to the language of the statute." (Citations omitted; internal quotation marks omitted.) *State* v. *Ledbetter*, 263 Conn. 1, 12, 818 A.2d 1 (2003). "In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." (Internal quotation marks omitted.) *Nickel Mine Brook Associates* v. *Joseph E. Sakal, P.C.*, 217 Conn. 361, 370–71, 585 A.2d 1210 (1991). Furthermore, "[i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 536–37, 829 A.2d 818 (2003).

The defendant's interpretation of § 52-592 would render a key portion of that statute meaningless. If the savings statute requires effective commencement of the original action, and commencement requires valid service of process, as the defendant argues, then any failure of service of process would require us to conclude that no action had been commenced and that the statute does not apply. This would render superfluous one of the principal purposes of the savings statute, namely, to save those actions that have failed due to insufficient service of process. Moreover, the language of § 52-592 distinguishes between the commencement of an action and insufficient service of process by providing that the action may fail *following* its commencement *because of* insufficient service. To accept the view that improper or insufficient service defeats such an action would

undermine the statute's clear and unambiguous meaning and preclude the filing of a second action. We therefore conclude that the term "commenced," as used in § 52-592 to describe an initial action that "has failed . . . to be tried on its merits because of insufficient service"; General Statutes § 52-592 (a); cannot be construed to mean good, complete and sufficient service of process, as the defendant contends.

Although, in the present case, service of process in the original action was insufficient to meet the requirements of the applicable statute of limitations, namely, § 52-584, our decision today does not offend the general purpose of statutes of limitations because we agree with the plaintiffs that the original action was "commenced" within the meaning of the savings statute when the defendant received effective notice of that action within the time period prescribed by § 52-584. In the original action, service was attempted pursuant to rule 4 (d) (2), but was insufficient because of the defendant's failure to return the waiver of formal service in accordance with her "duty" to avoid the unnecessary costs of the service of a summons. Fed. R. Civ. P. 4 (d) (2). Rule 4 (d) (2) provides that, in a federal action based on diversity of jurisdiction, any defendant who is "subject to service" and who "receives notice of an action in the manner provided in [the rule] has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4 (d) (2). Under the rule, notice shall be in writing and addressed directly to the defendant, dispatched through first-class mail, or other reliable means, and accompanied by a copy of the complaint. Fed. R. Civ. P. 4 (d) (2) (A) through (C). The notice shall identify the court in which it has been filed, inform the defendant of the consequences of compliance and noncompliance with the request for waiver of formal service, set forth the date on which the request is made and allow the defendant a reasonable time to return the waiver. Fed.

R. Civ. P. 4 (d) (2) (C) through (F). The rule further requires that the plaintiff provide the defendant with an extra copy of the notice and request for waiver and a prepaid means of compliance. Fed. R. Civ. P. 4 (d) (2) (G).

The defendant does not dispute that the plaintiffs' counsel sent her a written request to waive the required service of process.[11] Moreover, the record contains evidence, and the defendant does not dispute, that the plaintiffs' counsel sent by certified mail each of the other items required under rule 4 (d) (2) to effect service of process, including the summons and complaint, two copies of the notice regarding the waiver of formal service and an envelope with sufficient postage for return of the signed waiver. Finally, the record reveals that the plaintiffs' counsel received a return receipt from the United States Postal Service indicating that the items had been delivered to the defendant at her Pennsylvania home four days before the two year statute of limitations had expired. A review of the record thus discloses that, although the plaintiffs' counsel did not serve a formal summons upon the defendant within the time period prescribed by the applicable statute of limitations, all of the requirements of rule 4 (d) (2) were satisfied and all of the necessary papers to obtain a waiver of formal service were delivered to the defendant. That the defendant failed to sign and return the waiver does not detract from the fact that the plaintiffs' original action was "commenced," for purposes of the savings statute, when the defendant received actual notice of the action within the time period prescribed by the statute of limitations. Thus, in our view, although the original action was not commenced in a timely

---

[11] The request for waiver states that the papers served do not constitute "a formal summons or notification from the court," but that, if the defendant responds as requested, the action will proceed as if the defendant formally had been served.

manner under the applicable statute of limitations due to insufficient service of process, it nevertheless was commenced for purposes of the savings statute.[12]

By following the procedure set forth in rule 4 (d) (2) to obtain a waiver of formal service from the defendant, the plaintiffs, for all practical purposes, also satisfied the requirements of state law pertaining to formal service of process. In Connecticut, an action is commenced when the writ, summons and complaint have been served upon the defendant. E.g., *Rana* v. *Ritacco*, supra, 236 Conn. 337. In the present case, the summons, a copy of the complaint and a notice of the action were delivered to the defendant by certified mail four days before the expiration of the statute of limitations. Moreover, the plaintiffs filed the complaint in the District Court, as required under the federal rules, prior to the issuance of the signed and sealed summons. See Fed. R. Civ. P. 4 (b). Accordingly, there is ample support for our conclusion that the original action was commenced in a timely manner within the meaning of the savings statute.

We note that, in her motion for summary judgment, the defendant did not challenge the plaintiffs' allegation that the original action was dismissed because of insufficient service of process "due to unavoidable accident . . . ." General Statutes § 52-592 (a). The defendant merely argued that her motion for summary judgment should be granted because the plaintiffs had not commenced the original action within the applicable two year statute of limitations.[13] In light of the fact that the

---

[12] Because this conclusion is dispositive of the plaintiffs' appeal, we need not address their additional claims that the trial court: (1) ignored the remedial purpose of the savings statute; and (2) rewarded the defendant for her breach of duty under rule 4 (d) (2) of the Federal Rules of Civil Procedure by granting her motion for summary judgment.

[13] The defendant also argued that the plaintiffs' complaint cited the incorrect statute, namely, General Statutes § 52-593, instead of § 52-592.

defendant did not challenge the underlying reason for the insufficient service, the trial court did not address that issue in its memorandum of decision, but determined only that it was "impossible to conclude that the initial action was commenced . . . within the meaning of Connecticut statutes" because "[t]he plaintiffs never formally served the complaint on the defendant." Moreover, that issue has not been briefed on appeal to this court. Consequently, in the absence of a claim by the defendant and a trial court ruling on whether the alleged cause of the insufficient service had been proven by the plaintiffs, and in the absence of such briefing, we decline to address that issue.

Relying on the doctrines of collateral estoppel and res judicata, the defendant also argues that the plaintiffs are not entitled to "relitigate" the issue of whether the original action in federal court was commenced in a timely manner under the Federal Rules of Civil Procedure because the federal court decided that issue against them in the prior action. This argument has no merit.

"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion . . . prevents a party from relitigating an issue that has been determined in a prior suit. . . .

"Both doctrines protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation . . . and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . .

"Res judicata, or claim preclusion, is [however] distinguishable from collateral estoppel, or issue preclu-

sion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action . . . between the same parties or those in privity with them, upon the same claim. . . . In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. . . .

"To assert successfully the doctrine of issue preclusion, therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior case." (Citations omitted; internal quotation marks omitted.) *Dowling* v. *Finley Associates, Inc.*, 248 Conn. 364, 373–74, 727 A.2d 1245 (1999).

The defendant argues that the issues decided in the original action and the present action are the same, namely, "whether the plaintiffs commenced their initial action [in federal court] . . . before the statute of limitations expired . . . ." The defendant fails to recognize, however, that the issues in the two actions are different. As we previously noted, the issue in the federal action was whether there had been effective service of process under the Federal Rules of Civil Procedure for the purpose of bringing that action prior to the expiration of the two year statute of limitations. In contrast, the issue in the present action is whether the federal action can be deemed to have been commenced,

*despite* insufficient service of process, for the purpose of bringing a second action for the same cause under the savings statute. The defendant thus mischaracterizes the issue in the plaintiffs' second action and, therefore, cannot prevail under the doctrine of res judicata. The defendant's claim under the doctrine of collateral estoppel also must fail because only the present action implicates the savings statute and, thus, any issue regarding the application of that statute could not have been determined in the original action. See *Dowling* v. *Finley Associates, Inc.*, supra, 248 Conn. 374.

The defendant finally argues that because the plaintiffs' complaint in the present action expressly relied upon General Statutes § 52-593[14] rather than § 52-592 in seeking relief for the plaintiffs' alleged injuries, the plaintiffs are not entitled to bring their claim under § 52-592. We are not persuaded.

The plaintiffs alleged in their present complaint that their original action "was dismissed without being tried on its merits due to insufficient service or return of the writ due to unavoidable accident and the action was avoided or defeated for a matter of form. Th[e] [present] action is accordingly timely under [§] 52-593 . . . ." Section 52-593 is not the accidental failure of suit statute, but contains a similar savings provision for the commencement of actions against an incorrect party. The defendant contends that, although she informed

---

[14] General Statutes § 52-593 provides: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. If service of process in the original action has been made upon an agent of the defendant named in the new action, or if the defendant in the new action is a corporation and service in the original action has been made upon an officer or agent of the corporation, notice of any claim for damage shall be sufficient if given in the original action, pursuant to statutory provisions, to any officer or agent of the defendant in the new action."

the plaintiffs' counsel of this error when she filed her answer and special defense, the plaintiffs did not file an amended complaint to correct the mistake. The defendant concedes, however, that she acknowledged during the hearing on the summary judgment motion that she had assumed that the plaintiffs' counsel had intended to plead the savings statute, as § 52-593 did not apply to the facts of the case. Furthermore, there is no indication that the defendant was misled by the plaintiffs' incorrect citation.

The defendant nonetheless contends that the Practice Book plainly states that any statute relied upon by the plaintiffs must be specifically identified by number, and that the plaintiffs relied upon a completely different statute. Practice Book § 10-3 (a) provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." As we previously noted, however, the defendant acknowledged at the hearing on her motion for summary judgment that she had assumed that the plaintiffs' counsel had intended to plead the savings statute. "As long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Citation omitted; internal quotation marks omitted.) *Spears* v. *Garcia*, 66 Conn. App. 669, 676, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37 (2003).

Additionally, General Statutes § 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." The purpose of § 52-123 is to afford relief from defects found in the text of the writ itself. *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 434,

559 A.2d 1110 (1989). "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. . . . Indeed, § 52-123 . . . protects against just such consequences, by providing that no proceeding shall be abated for circumstantial errors so long as there is sufficient notice to the parties." (Citations omitted.) *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 477–78, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). The accepted policy is "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citations omitted; internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998).

The defendant concedes that she knew of the error when she filed her answer and special defense and even informed the plaintiffs' counsel of the mistake. She also concedes that her counsel acknowledged during the hearing on her summary judgment motion that the plaintiffs had intended to invoke the savings statute. Moreover, the language utilized in the plaintiffs' complaint follows the language of the savings statute almost verbatim. Accordingly, the record contains no evidence that the defendant lacked a proper understanding of the complaint and, consequently, could not have participated fully in the litigation for that reason. See *Spears* v. *Garcia*, supra, 66 Conn. App. 676.

The judgment is reversed and the case is remanded to the trial court for further proceedings according to law.

In this opinion the other justices concurred.