**Rosemary A. HUGHES, Plaintiff–Appellant,**

v.

**EQUITY OFFICE PROPERTIES TRUST, Defendant–Appellee.**

No. 06–1211–cv.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Eddi Z. Zyko, Middlebury, CT, for Plaintiff–Appellant.

Darren E. Sinofsky, Morrison Mahoney, LLP (Cristin E. Sheehan, on the brief), Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Rosemary A. Hughes appeals from the September 30, 2005 Rul-ing and Order of the United States District Court for the District of Connecticut (Chatigny, *J.* ), granting Defendant–Appellee Equity Office Properties Trust's motion for summary judgment and dismissing Appellant's tort claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo. New York v. Nat'l Serv. Indus.,* 460 F.3d 201, 206 (2d Cir.2006). Summary judgment may be granted only if we conclude that the case presents "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The relevant facts here are all uncontested.

A federal court sitting in diversity applies the forum state's statute of limitations. *Guaranty Trust Co. v. York,* 326 U.S. 99, 107–10, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The Connecticut statute of limitations for personal injury claims based on negligence is "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." Conn. Gen.Stat. § 52–584. Appellant's injury, which was discovered immediately, was received on December 9, 2000; she was therefore required to commence this action by December 9, 2002.

Federal courts sitting in diversity also follow state law in determining *when an action is commenced* for statute of limitations purposes. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752–53, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Under Connecticut law, " 'an action is commenced not when the writ is returned but when it is served upon the defendant.' " *Rocco v. Garrison,* 268 Conn. 541, 848 A.2d 352, 358 (2004) (quoting *Broderick v. Jackman,* 167 Conn.

90

96, 355 A.2d 234, 235 (1974)); *see also Converse v. Gen. Motors Corp.,* 893 F.2d 513, 515 (2d Cir.1990). Appellee was not served with process until January 1, 2003. The action was therefore time-barred.

Appellant contends that the limitations period should have been tolled during the pendency of her *in forma pauperis* motion. This is a question of state law which we need not reach. Equitable tolling " 'means only that the running of the statute is suspended, not that the limitations period begins over again.' " *Tristar Corp. v. Freitas,* 84 F.3d 550, 553 (2d Cir.1996) (quoting *Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir.1994)). Appellant's *in forma pauperis* motion was filed on December 6, 2002, three days before the end of the limitations period, granted on December 10, 2002, and entered on the docket on December 12, 2002. Assuming, *arguendo,* that the limitations period was tolled, and giving Appellant the benefit of the entry date, Appellant would have had only three days thereafter to serve papers on Appellee—that is, she would have had to serve papers by December 15, 2002. As she did not do so, her action would have been time-barred even assuming equitable tolling.

Accordingly, the judgment of the district court is AFFIRMED.