MEMORANDUM OF DECISION
GUERNSEY, C.J.
The Defendant has moved to dismiss Plaintiffs Employment Discrimination complaint on grounds that the same was filed after the ninety-day statute of limitations set forth in The Mohegan Discriminatory Employment Practices Ordinance, MTC § 4-27(b), It is well settled that time limitations set forth in waivers of sovereign immunity are jurisdictional in nature, and failure to adhere to the same deprives this Court of jurisdiction. Long v. Mohegan Tribal Gaming Authority, Et Al., 1 G.D.R. 5, 8, 1 Am. Tribal Law 385 (1997).
In lieu of an evidentiary hearing, the parties have stipulated in open Court to the following:
1. The summons, complaint, filing fee and other required documents were delivered to The Mohegan Tribal Government building on July 1, 2011, and signed for by “L Bartha”;
2. “L Bartha” is Lori Bartha, the Protective Services Supervisor for the Department of Protective Services, who is authorized to accept express deliveries on behalf of Mohegan Tribal Departments, including the Gaming Disputes Court;
3. The limitations period set forth in MTC § 4—27(b) expired on July 6, 2011 or July 7, 2011;
4. The summons, complaint and other documents were not delivered to the Clerk of the Gaming Disputes Court until July 11, 2011, at which time they were file-stamped with that date;
5. Between the initial delivery to Ms. Bartha on July 1, 2011 and the delivery to the Clerk of the Gaming Disputes Court on July 11, 2011, the documents remained in The Mohegan Tribal Government Building but apparently were misplaced.
In his opposition to Defendant’s Motion to Dismiss, the Plaintiff urges this Court to adopt the definition of “filed” used by Federal and State courts: i.e., the bringing or delivering to the Clerk of the Court, citing Rocco v. Garrison, 268 Conn. 541, 553, 848 A.2d 352 (2004).[1] At oral argument, counsel for the Defendant did not *206 oppose a ruling that clarified the meaning of “filed”, even if it were to mean delivery to The Mohegan Tribal Government as was done in the instant case (and, presumably, the denial of Defendant’s Motion to Dismiss) in order to promote certainty.
In context, this motion presents a situation of unusual clarity. The summons, complaint, and filing fee were delivered to an authorized official of the Mohegan Tribe, correctly addressed to this Court, within the ninety-day period prescribed by MTC § 4-27(b). Inexplicably, the same was lost within the Tribal Government building for a period of ten days; when finally located and delivered to the Clerk of the Gaming Disputes Court, the statute of limitations had expired. This factual situation is remarkably similar to that presented in Diaz v. State of Connecticut, 2010 WL 1377609 (Conn.Super., March 4, 2010), wherein an indigent inmate’s petition for a new trial, having been presented to the Superior Court together with a fee waiver application, which was timely granted, was then lost within the judicial system, only to be returned to the inmate at such time that service could not be made within time limitations prescribed by Conn. Gen.Stat. § 52-46.[2] In that case, Judge Pittman held that the doctrine of equitable tolling, as described by the Connecticut Appellate Court was applicable:
When a statute of limitations is tolled, it does not run and the time during which the statute is tolled is considered, in effect, as not having occurred. Therefore, if a statute in a particular case is tolled, it is as if the statute commenced on a later date. The doctrine of equitable tolling applies in certain situations to excuse untimeliness in filing a complaint. Gager v. Sanger, 95 ConmApp. 632, 638, 897 A2d 704, cert. den. 280 Conn. 905, 907 A.2d 90 (2000).
2010 WL 1377609. In Gager, the Court observed that the doctrine of equitable tolling is not tied to that of equitable es-toppel [3] and thus does not “require proof of fraudulent or misleading conduct as the basis for invoking it.” H.J. Kelly & Associates v. City of Meriden, 2008 WL 496688 (Conn.Super. Jan. 17, 2008), quoting Connecticut Insurance Guarantee Association v. Yocum, Superior Court, Docket No. CV 94-05396915, 1996 WL 367726 (June 6, 1996, Sheldon, J.), 17 Conn. L. Rptr. 343. In the instant ease, as in Diaz, the misplacement of the process involved “simple inadvertence” and no fraudulent or misleading conduct has been alleged or even suggested. As for equitable tolling, on the other hand, the Connecticut Appellate Court has stated:
As we have stated, if a time requirement is deemed to be mandatory, it must be *207 complied with, absent such factors as consent, waiver or equitable tolling. Thus, a complaint that is not filed within the mandatory time requirement is dismissible unless waiver, consent, or some other compelling equitable tolling doctrine applies.
William,s v. Commission on Human Rights and Opportunities, 257 Conn. 258, 284, 777 A.2d 645 (2001).
The Court finds that the circumstances of this case compel the application of the doctrine of equitable tolling, so that the period of time between delivery of the process to the Protective Services Supervisor for the Mohegan Tribe on July 1, 2011 and its eventual discovery and delivery to the Clerk of the Gaming Disputes Court on July 11, 2011 “is considered, in effect, as not having occurred.” Diaz, supra. It should be emphasized, however, given the jurisdictional nature of time limitations set forth in waivers of sovereign immunity, that this holding is limited to the unique situation wherein the process is placed in the physical possession of an officer of The Mohegan Tribe authorized to accept delivery of the same, within the prescribed statutory period, leaving only a ministerial act to complete the filing and date-stamping process. Under these circumstances, the sovereign immunity of The Mohegan Tribe, and the intention of the Tribal Council in enacting the limited waiver of sovereign immunity in MTC § 4—27(b) is respected by the invocation of this doctrine.[4]
Defendant’s Motion to Dismiss is denied.

. Rocco v. Garrison actually dealt with a more complex situation, in which summary judg- *206 meat had entered in a prior federal court tort action on grounds that the same was barred by the statute of limitations, and a second state court action was filed under the accidental failure of suit statute, Conn. Gen.Stat. § 52-592. At issue was whether the initial service in the federal court action, via certified mail (found insufficient by the District Court) was “commenced” for purposes of the two year Connecticut statute of limitations, § 52-584, and therefore allowed the bringing of the second State court action under § 52-592, The Connecticut Supreme Court held that it was.

. The actual situation was made even more convoluted by the fact that die return day assigned to the process by the Clerk before it was lost was no longer valid by the time it reached the State Marshal for service; inasmuch as it had been signed by the Clerk and neither the Marshal nor the inmate were Commissioners of the Superior Court, the process was sent back a second time to the Clerk to change the return day.

. Equitable estoppel, as applied to the tolling of a statute of limitations, "rests on the misleading conduct of one party to the prejudice of the other.” Morris v. Costa, 174 Conn. 592, 599, 392 A.2d 468 (1978).

. The Court is well aware that this holding very closely approaches a position suggested by the Defendant, that filing be defined as delivery of process to The Mohegan Tribe. The Court is reluctant to adopt such a rule in the midst of ongoing litigation, particularly when the doctrine of equitable tolling is so clearly appropriate. Such a change in The Mohegan Rules of Civil Procedure may be appropriate for future consideration.