*Hodges v. Glenholme Sch., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

SCHELLE HODGES,

> *Plaintiff-Appellant*,

v.                                                          No. 16-3446

GLENHOLME SCHOOL, AKA THE GLENHOLME SCHOOL, DEVEREUX CONNECTICUT, OTHER, THE DEVEREUX FOUNDATION, INC., CLAUDIA NICHOLAS, STEPHEN NICHOLAS, DEVEREUX FOUNDATION, INC., "JOHN DOE," TWO, "JOHN DOE," THREE,

> *Defendants-Appellees*,

"JOHN DOE," ONE,

> *Defendant.*

---

1

For Plaintiff-Appellant:                     WILLIAM H. GORDON (Mitchell Garabedian,
                                             *on the brief*) Law Offices of Mitchell
                                             Garabedian, Boston, MA; (Andrea Bierstein,
                                             *on the brief*), Simmons Hanly Conroy, New
                                             York, New York; (Steven J. Errante, Marisa
                                             A. Bellair, *on the brief*), Lynch, Traub,
                                             Keefe, & Errante, P.C., New Haven, CT.

For Defendants-Appellees:                    Glenholme School, AKA The Glenholme
                                             School, Devereux Connecticut, Other, The
                                             Devereux Foundation, Inc.
                                             JONATHAN A. KOCIENDA (Michael R.
                                             McPherson, *on the brief*), Danaher Lagnese,
                                             PC, Hartford, CT.

For Defendant-Appellee:                      Claudia Nicholas
                                             TIMOTHY BRIGNOLE, Brignole, Bush &
                                             Lewis, Hartford, CT.

For Defendant-Appellee:                      Stephen Nicholas
                                             JEFFREY C. NICHOLAS, The Nicholas Law
                                             Firm, LLC, Torrington, CT.

Appeal from a final judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Schelle Hodges appeals from a final judgment dismissing her amended complaint with prejudice, entered on September 19, 2016, by the United States District Court for the District of Connecticut (Underhill, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hodges enrolled at Defendant-Appellee The Glenholme School in the spring of 1981 at the approximate age of thirteen. Glenholme is operated by Defendant-Appellee The Devereux Foundation, and employed Defendants-Appellees Claudia and Stephen Nicholas during the relevant time period.

2

On July 30, 2015, Hodges filed suit in the United States Court for the District of Connecticut against Glenholme, Claudia and Stephen Nicholas, and the three John Does, alleging that Claudia and Stephen Nicholas sexually assaulted her while she attended Glenholme from 1981 to 1982. Under Connecticut law, Hodges had thirty years from the "age of majority" (eighteen years old) to commence a civil action seeking damages for personal injury based on the sexual abuse of a minor. Conn. Gen. Stat. §§ 52-577d, 1-1d. Because an action is commenced under Connecticut law for statute of limitations purposes "once the writ, summons and complaint have been served upon a defendant," *Rana v. Ritacco*, 236 Conn. 330, 337 (1996), the parties agree that Hodges had until August 1, 2015 (her forty-eighth birthday) to file her complaint and serve process.

Although Hodges timely filed her complaint, she did not deliver the writ, summons, and complaint to the marshal until August 5, 2015, and the marshal did not attempt to effectuate service until August 6, 2015. The defendants accordingly moved to dismiss, arguing that Hodges' complaint was time-barred. Before the motions could be decided, however, Hodges amended her complaint to allege that the defendants fraudulently concealed her cause of action, thereby tolling the statute of limitations, and to add Devereux as a party. The district court denied the pending motions as moot, and the defendants again moved to dismiss on statute of limitations grounds.

The district court granted the renewed motions on September 13, 2016, holding that Hodges had failed to plausibly allege that the defendants had fraudulently concealed her cause of action, that her action was therefore time-barred, and that Connecticut's accidental failure of suit statute, Conn. Gen. Stat. § 52-592(a), did not permit Hodges to refile her action. The district

3

court entered final judgment on September 19, 2016 dismissing Hodges' amended complaint with prejudice, and Hodges timely appealed on October 11, 2016.

We review a district court's decision to grant a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in Plaintiffs' favor." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015). We review the denial of leave to amend for abuse of discretion, *id.*, but if the leave to amend is denied as futile, the decision is a matter of law that is reviewed *de novo*, *Panther Partners Inc. v. Ikanos Commc'ns., Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

We agree with the district court that Hodges has failed to plausibly plead fraudulent concealment. The Connecticut fraudulent concealment statute sets forth that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Conn. Gen. Stat. § 52-595. This requires a three-part showing under Connecticut law:

> (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action.

*Bartone v. Robert L. Day Co.*, 232 Conn. 527, 533 (1995).[1] In addition, the parties agree that "[a]lthough § 52-595 does not explicitly say so, it clearly implies [a] plaintiff's ignorance of the facts is a necessary element of tolling under that statute." *Martinelli v. Bridgeport Roman*

---

[1] Hodges asserts that a different standard applies because the defendants allegedly owed her a fiduciary duty. This is incorrect. While the presence of a fiduciary duty is relevant to the fraudulent concealment analysis, it does not replace the three elements set forth in *Bartone*. *See Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 424 (2d Cir. 1999). Instead, it informs the court's analysis as to the second element: the defendant's intentional concealment of the facts from the plaintiffs. *Id.*

4

*Catholic Diocesan Corp.*, 196 F.3d 409, 427 (2d Cir. 1999). A plaintiff must therefore also show that he or she was "ignorant of the facts that the defendant has sought to conceal." *Id.* The elements of fraudulent concealment must be pled with particularity under Rule 9(b). *Armstrong v. McAlpin*, 699 F.2d 79, 88–89 (2d Cir. 1983).

In brief, Hodges alleges that Glenholme and Devereux knew that Claudia Nicholas "posed a danger" to her because they had "information" that Claudia Nicholas had "inappropriate relationships with others" at Glenholme and had "engaged in conduct involving serious boundary violations." First Amended Complaint ("FAC") ¶ 28. Glenholme and Devereux, however, allegedly concealed these facts from Hodges' mother and told her that Hodges' relationship with Claudia Nicholas was "beneficial." FAC ¶¶ 25, 28**.** As a result, Hodges did not learn that the alleged sexual conduct was "abusive" and "wrongful" until she spoke about the events with a friend in 2013, FAC ¶¶ 23, 27**,** and she argues that the statute of limitations therefore did not begin to run until that date.

We do not determine whether Hodges has sufficiently pled the elements of fraudulent concealment set forth in *Bartone* because Hodges has failed to plausibly allege that she was "ignorant of the facts that the [defendants have] sought to conceal." *See Martinelli*, 196 F.3d at 427. Hodges does not argue that she did not remember the alleged the sexual conduct until 2013. Instead, she principally asserts that because of her age and "other serious emotional issues," she was not able to understand until the spring of 2013 that the sexual contact was "wrongful." FAC ¶¶ 23, 27.

Under Connecticut law, however, "[t]he focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." *BellSouth Telecomms, Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 611 (2d Cir. 1996) (quoting *Catz v. Rubenstein*, 201 Conn. 39, 47

5

(1986)); *see United States v. Kubrick,* 444 U.S. 111, 122 (1979) ("[A] plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment."). Hodges' delayed understanding that the sexual conduct was wrongful, *i.e.*, illegal, is not a "fact" necessary to establish her causes of action against the defendants. It is an understanding of law and not a basis to toll the statute of limitations.

We further find that Hodges has forfeited her alternative theory, raised for the first time in her reply brief, that she was ignorant until 2013 of the "causal connection" between her emotional and mental harm and her sexual abuse. "[A]rguments not made in an appellant's opening brief are waived even if the appellant . . . raised them in a reply brief," *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005), and Hodges does not argue that we should use our discretion to excuse her error, let alone that "manifest injustice would otherwise result," *see id.* (citing *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996), *vacated on other grounds*, 521 U.S. 1114 (1997); *United States v. Babwah*, 972 F.2d 30, 34–35 (2d Cir. 1992)).[2]

We finally conclude that the district court did not err in holding that Connecticut's accidental failure of suit statute did not save Hodges' action. Conn. Gen. Stat. § 52-592(a) allows a plaintiff to re-file a dismissed action, within one year of dismissal, if two requirements are met: (1) the original action must have been "commenced" within the applicable statute of limitations;

---

[2] While Hodges' counsel asserted during oral argument on defendants' motions to dismiss before the district court that Hodges could amend her pleadings to allege that she had "repressed" the memories of her abuse, App. 102, she did not raise the issue on appeal as a reason for why amendment would not be futile. Indeed, although her brief cites numerous portions of the oral argument transcript in support of her contention that she "could state additional facts further showing fraudulent concealment by the defendants," none of these citations include any reference to an amendment alleging repression. *See* Br. 45-46. We therefore consider the argument abandoned. *See JP Morgan Chase*, 412 F.3d at 428 (arguments pursued in the district court but not made in the appellant's opening brief are abandoned).

and (2) the original action must have failed because of one of the specific procedural reasons enumerated in the statute. Even assuming, *arguendo*, that Hodges timely "commenced" her action under § 52-592(a), *see Rocco v. Garrison*, 268 Conn. 541, 550-51 (2004) (distinguishing commencement for the purposes of a statute of limitations from that of § 52-592), she does not argue on appeal that this case falls within one of the statute's enumerated procedural reasons for failure. We therefore find that § 52-592(a) is inapplicable.

We have considered all of Hodges' contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7