******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CRADLE, J., concurring in the result. Because we are bound by this court's holding in *Kinity* v. *US Bancorp*, 212 Conn. App. 791, 277 A.3d 200 (2022), which was argued before this court on January 20, 2022, only eighteen days prior to argument in this case, I am obligated to concur with the result reached by the majority in this case. Although we are bound by an interpretation of Supreme Court precedent regarding the accidental failure of suit statute, also referred to as "the savings statute," General Statutes § 52-592, as articulated by this court in *Kinity*, it is my opinion that that interpretation is unnecessarily narrow and restrictive.

Although the majority aptly recites the applicable legal principles, I nevertheless write separately to emphasize that "[o]ur Supreme Court has long held that § 52-592 is remedial and is to be liberally interpreted." (Internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories*, *Inc.*, 114 Conn. App. 244, 250, 969 A.2d 210 (2009). "[B]y its plain language, [§ 52-592] is designed to prevent a miscarriage of justice if the [plaintiff fails] to get a proper day in court due to the various enumerated procedural problems. . . . It was adopted to avoid hardships arising from an unbending enforcement of limitation statutes. . . . Its purpose is to aid the diligent suitor. . . . Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (Internal quotation marks omitted.) *Davis* v. *Family Dollar Store*, 78 Conn. App. 235, 240, 826 A.2d 262 (2003), appeal dismissed, 271 Conn. 655, 859 A.2d 25 (2004). Ultimately, "looming behind § 52-592 is the overarching policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant [his or her] day in court." (Internal quotation marks omitted.) *Larmel* v. *Metro North Commuter Railroad Co.*, 200 Conn. App. 660, 678, 240 A.3d 1056 (2020), aff'd, 341 Conn. 332, 267 A.3d 162 (2021). "In interpreting the language of § 52-592 (a) . . . we do not write on a clean slate, but are bound by our previous judicial interpretations of the language and the purpose of the statute." *Dorry* v. *Garden*, 313 Conn. 516, 526, 98 A.3d 55 (2014).

The majority thoroughly discusses the two cases in which our Supreme Court has considered the issue of when insufficient service of process may be deemed to have "commenced" an action "within the time limited by law" pursuant to § 52-592. In both of those cases, *Rocco* v. *Garrison*, 268 Conn. 541, 848 A.2d 352 (2004), and *Dorry* v. *Garden*, supra, 313 Conn. 516, our Supreme Court noted the remedial nature of § 52-592

and explained that § 52-592 distinguishes between the "commencement" of an action, on the one hand, and insufficient service of process, on the other, "by providing that the action may fail *following* its commencement *because* of insufficient service." (Emphasis altered.) *Rocco* v. *Garrison*, supra, 550. In both cases, our Supreme Court held that "commenced within the time limited by law" cannot "be construed to mean good, complete and sufficient service of process . . . ." *Rocco* v. *Garrison*, supra, 551; see also *Dorry* v. *Garden*, supra, 529.

In *those cases*, the court held that the actions were "commenced" within the meaning of § 52-592 because the defendants received the writ of summons and complaint within the applicable statute of limitations. In neither case, however, did the court hold that the receipt of a copy of the summons and complaint was *required* to commence an action pursuant to the savings statute. In other words, although our Supreme Court's decisions in *Rocco* and *Dorry* hold that actual notice by way of receipt of a copy of the summons and complaint is *sufficient* to commence an action within the meaning of § 52-592, neither case establishes that receipt of the summons and complaint is the *exclusive* manner by which an action may commence under the statute. This court did just that, however, in *Kinity*.

In *Kinity*, this court held: "Pursuant to our Supreme Court's decisions in *Rocco* and *Dorry*, an action is commenced within the meaning of § 52-592 when a defendant receives actual or effective notice of the action, within the time period prescribed by law, by way of receipt of the summons and complaint." *Kinity* v. *US Bancorp*, supra, 212 Conn. App. 851. In my view, neither *Rocco* nor *Dorry* concluded that a defendant must have "actual or effective notice of the original action by way of receipt of the summons and complaint"; (emphasis omitted) id., 850; in order to fall within the protection of § 52-592. Rather, in *Rocco* and *Dorry*, the court held that the actions were commenced *in those cases* because the defendants had received the summons and complaint prior to the expiration of the statute of limitations.

In my opinion, to interpret § 52-592 as narrowly as this court did in *Kinity* contradicts the "broad and liberal purpose" of the statute. If the legislature had intended to limit the savings statute to those cases in which a defendant receives a copy of the summons and complaint within the applicable statute of limitations, it easily could have done so.

As the majority notes, "as a matter of policy, one panel of this court will not overrule another panel's decision in the absence of en banc consideration." *Devine* v. *Fusaro*, 205 Conn. App. 554, 581–82 n.20, 259 A.3d 655, cert. granted, 339 Conn. 904, 260 A.3d 1224 (2021). Accordingly, I acknowledge that we are bound

by this court's interpretation, in *Kinity*, of *Rocco* and *Dorry*, and, for that reason, I must concur with the result reached by the majority.

———————————————