******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STEPHEN MARKS *v.* GLT DEVELOPMENT
CORPORATION ET AL.
(AC 47097)

Moll, Seeley and Prescott, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment granting the motion to strike filed by the defendant general contractor, G Co., with respect to a count of the complaint alleging negligence for an injury that occurred on May 24, 2020. The plaintiff claimed that the court improperly determined that the action was time barred pursuant to statute (§ 52-584). *Held*:

The trial court properly concluded that the plaintiff's negligence claim against G Co. was time barred because it correctly determined, in accordance with Executive Order Nos. 7G and 10A, issued during the COVID-19 pandemic, that the two year limitation period set forth in § 52-584, which had been suspended for a period of time during the pandemic, began to run on March 1, 2021, and expired on March 1, 2023, and it was undisputed that the plaintiff commenced the action on March 24, 2023.

Argued February 4—officially released February 25, 2025

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained as a result of the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Saadi, J.*, granted the motion to strike filed by the named defendant with respect to the first count of the plaintiff's complaint; thereafter, the court, *Gould, J.*, granted the motion for judgment filed by the named defendant, and the plaintiff appealed to this court. *Affirmed.*

*James V. Sabatini*, for the appellant (plaintiff).

*Kenneth J. Bartschi*, with whom, on the brief, was *Karen L. Dowd*, for the appellee (named defendant).

*Opinion*

MOLL, J. In this personal injury action, which arose during the COVID-19 pandemic, the plaintiff, Stephen Marks, appeals from the judgment of the trial court granting the defendant GLT Development Corporation's motion to strike on statute of limitations grounds.[1] This appeal involves the question of how to calculate, in connection with the plaintiff's negligence claim arising from an accident that occurred on May 24, 2020, the statute of limitations set forth in General Statutes § 52-584.[2] The operability of that statute was suspended as a result of Governor Ned Lamont's Executive Order No. 7G, effective March 19, 2020, and that suspension subsequently was lifted on March 1, 2021, by Governor Lamont's Executive Order No. 10A. The plaintiff claims that the court incorrectly concluded that the two year limitations period began to run on March 1, 2021, and expired on March 1, 2023. The plaintiff argues instead that he was entitled to a suspension of 347 or 348 days,[3] representing the total number of days that the suspension was in effect, notwithstanding the fact that the plaintiff's cause of action did not exist when the suspension began. That is, the plaintiff contends that the

---

[1] AC Electric, LLC, also was named as a defendant in the complaint. AC Electric, LLC, is not participating in this appeal. Accordingly, we refer to GLT Development Corporation as the defendant.

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, advanced practice registered nurse, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[3] The plaintiff's appellate brief variously refers to the total number of suspended days as 347 or 348. This discrepancy has no effect on our analysis or on the outcome of this appeal.

proper calculation of his limitations period is effectively two years *plus* 347 or 348 days. The defendant argues to the contrary that the court properly concluded that the statute of limitations began to run on March 1, 2021, and expired on March 1, 2023. We agree with the defendant and, accordingly, affirm the judgment of the trial court.

The complaint alleges, inter alia, the following facts. The plaintiff hired the defendant to perform certain home improvement services at his home. As the general contractor, the defendant hired a subcontractor, AC Electric, LLC, to perform the electrical work. See footnote 1 of this opinion. The plaintiff alleges that, on or about May 24, 2020,[4] as a result of the defendant's failure to restore electrical power to the garage door, he crushed and nearly severed multiple fingers when he attempted to open the door manually.

On March 24, 2023, the plaintiff commenced this action against the defendant.[5] See footnote 1 of this opinion. On June 20, 2023, as to the one count of negligence directed to it (i.e., count one), the defendant filed a motion to strike on, inter alia, statute of limitations grounds.[6] Following additional briefing and a hearing on the motion, on August 28, 2023, the court, *Saadi, J.*, granted the defendant's motion to strike, concluding that the two year limitations period commenced on

---

[4] The parties do not dispute that the relevant occurrence date is May 24, 2020.

[5] "[U]nder the law of our state, an action is commenced not when the writ is returned but when it is served upon the defendant." (Footnote omitted; internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 549, 848 A.2d 352 (2004). The trial court found that the defendant received abode service on March 24, 2023, a finding that the plaintiff does not dispute.

[6] Although a statute of limitations ordinarily is raised as a special defense, "[i]f all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true . . . a motion to strike would be allowed." *Girard* v. *Weiss*, 43 Conn. App. 397, 415, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996).

March 1, 2021, and expired on March 1, 2023. On September 18, 2023, the defendant filed a motion for judgment with respect to count one, which the court, *Gould, J.*, granted on October 25, 2023, over the plaintiff's objection. This appeal followed.

We briefly set forth our standard of review and additional legal principles relevant to our resolution of this claim. Our review of a trial court's granting of a motion to strike is plenary. *American Progressive Life & Health Ins. Co. of New York* v. *Better Benefits, LLC*, 292 Conn. 111, 122, 971 A.2d 17 (2009). In addition, our Supreme Court has held that the usual principles of statutory construction apply to the interpretation of executive orders. *Mills* v. *Hartford HealthCare Corp.*, 347 Conn. 524, 544, 298 A.3d 605 (2023).

Accordingly, our analysis begins with the language of the executive orders at issue, the relevant provisions of which are as follows. Executive Order No. 7G, dated March 19, 2020, provides in relevant part: "I hereby suspend, for the duration of this public health and civil preparedness emergency, unless earlier modified or terminated by me, all statutory . . . (2) . . . statutes of limitation . . . including, but not limited to, the following . . . e. All statutes of limitations provided in Chapter 926 of the General Statutes[7] . . . .

* * *

"Unless otherwise specified herein, this order shall take effect immediately and shall remain in effect for the duration of the public health and civil preparedness emergency, unless earlier modified by me." (Footnote added.) Executive Order No. 10A, dated February 8, 2021, provides in relevant part: "[T]he provisions of Executive Order No. 7G, Section 2, dated March 19, 2020 . . . as they relate to the following, shall expire

---

[7] Section 52-584 is set forth in Chapter 926 of the General Statutes.

on March 1, 2021 . . . b. all statutory time requirements . . . including, but not limited to . . . iii. All statutes of limitations provided in Chapter 926 of the Connecticut General Statutes . . . .”

Applying the foregoing clear and unambiguous provisions of Executive Order Nos. 7G and 10A to the present action, we conclude that the court properly determined that the limitations period set forth in § 52-584 began to run on March 1, 2021, and expired on March 1, 2023. The plaintiff’s argument that Executive Order No. 7G contains language to support the proposition that the suspension created thereby was intended to give a limitations credit of the *total* number of suspended days to a claimant who did not yet have a cause of action as of March 19, 2020, is without merit.

In short, because the plaintiff alleges that his accident occurred on May 24, 2020, at a time when Executive Order No. 7G had already gone into effect, the two year limitations period applicable to the plaintiff’s claim began to run on the day the suspension was lifted, i.e., March 1, 2021, and expired on March 1, 2023. As it is undisputed that the plaintiff’s action was commenced on March 24, 2023; see footnote 5 of this opinion; the trial court properly concluded that the plaintiff’s negligence claim against the defendant is time barred.

The judgment is affirmed.

In this opinion the other judges concurred.